**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MARVIN BETHEA, *et al.*,

      Plaintiffs,

      v.

ERIC H. HOLDER, JR.,
Attorney General of the United States,

      Defendant.

Civil Action No. 14-1141 (CKK)

**MEMORANDUM OPINION**
(March 6, 2015)

Presently before the Court are Defendant's [9] Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction and Plaintiffs' [10] Motion to Stay Proceedings and Transfer the Complaint to the United States Court of Appeals for the Federal Circuit.  Defendant did not file a response to Plaintiffs' Motion to Stay Proceedings and Transfer the Complaint and, accordingly, the Court shall treat the motion as unopposed.  LCvR 7(b).  Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' [10] Motion to Stay Proceedings and Transfer the Complaint to the United States Court of Appeals for the Federal Circuit.  For the reasons described herein, the Court shall transfer this matter, including Defendant's [9] Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction, to the U.S. Court of

---

[1] Compl., ECF No. [1]; Def.'s Mot. to Dismiss, ECF No. [9] ("Def.'s Mot."); Def.'s Memo. in Support of Mot. to Dismiss, ECF No. [9] ("Def.'s Memo."); Pls.' Mot. to Stay Proceedings and Transfer the Compl., ECF No. [10] ("Pls.' Mot."); Pls.' Memo. in Support of Mot. to Stay Proceedings and Transfer the Compl., ECF No. [10] ("Pls.' Memo.").

Appeals for the Federal Circuit.  The Court shall not grant Plaintiff's request to stay the proceedings.

## I. BACKGROUND

The Public Safety Officers' Benefit Act ("PSOBA"), 42 U.S.C. §§ 3796 *et seq.*, provides benefits for public safety officers who have either died or been permanently and totally disabled as the direct and proximate result of a personal injury sustained in the line of duty.  42 U.S.C. § 3796(a)-(b).  On October 26, 2001, Congress enacted the United and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act ("USA PATRIOT Act").  Pub. L. No. 107-56, 115 Stat. 272 (2001).  Section 611 of the USA PATRIOT Act, codified at 42 U.S.C. § 3796c-1, known as "Fast Track," set an expedited schedule for payment of benefits to public safety officers involved in prevention, investigation, rescue, or recovery efforts related to a terrorist attack.  *Id.* at § 611, 115 Stat. at 369.  Specifically, the Director of the Bureau of Justice Assistance ("BJA") was required to authorize payment to qualified beneficiaries within 30 days of the receipt of certification by a public agency that a public safety officer employed by a public agency was killed or suffered a catastrophic injury producing permanent and total disability as a direct and proximate result of a personal injury sustained in the line of duty in connection with the prevention, investigation, rescue, or recovery efforts related to a terrorist attack.  *Id.*

The process for reviewing disability claims under the PSOBA is dictated by 28 C.F.R. § 32.1 *et seq.*  Pursuant to 28 C.F.R. § 32.24, the PSOB Office shall either approve or deny a disability benefit claim brought under the PSOBA by issuing an initial determination.  If a claimant's claim is denied by the PSOB Office, he or she may request a Hearing Officer determination of the claim.  *Id.* at § 32.29.  If a claimant's claim is denied by the Hearing

Officer, the claimant may appeal to the BJA Director.  *Id.* at § 32.46.  If the PSOB Office, the Hearing Officer, or the BJA Director denies a claim, they are required to specify factual findings and legal conclusions that support such a finding and provide information as to the next step in the review process in writing.  *Id.* at §§ 32.24(a), 32.44(b), 32.54(a). The BJA Director's determination constitutes the final agency determination and is judicially appealable pursuant to 42 U.S.C. § 3796c-2.  *Id.* at § 32.55(a).

Plaintiffs, Marvin Bethea, Michael Roberts, and Bonnie Giebfried, are three former employees of private hospitals participating in the New York City Voluntary Hospital system. Compl. ¶ 6, ECF No. [1].  On September 11, 2001, Plaintiffs were dispatched by the Fire Department of New York ("FDNY") to assist victims of the terrorist attacks on the World Trade Center.  *Id.*  Plaintiffs in their Complaint allege that they were severely physically and emotionally injured that day while performing their official duties.  *Id.*  On December 1, 2006, four U.S. Congress members sent to the BJA a letter containing applications for PSOBA benefits for the three Plaintiffs in this action and two other emergency responders to the September 11th attacks.  *Id.* ¶ 37.  On July 3, 2014, Plaintiffs filed the instant action requesting that the Court compel Defendant to timely process Plaintiffs' applications for disability benefits brought under the PSOBA.  *See generally id.*  At the time that the Complaint was filed, Plaintiffs alleged that the PSOB Office still had not yet issued initial determination letters related to their claims.  *Id.* ¶¶ 37-93.

Plaintiffs in their Complaint requested that the Court: (1) issue a finding that Defendant violated the federal statutes by failing to timely process Plaintiffs' Fast Track applications; (2) compel Defendant to issue initial determination letters within 15 days; (3) after the issuance of the initial determination letters, compel Defendant to timely process their applications on a

defined schedule until the claim process is exhausted; (4) declare that the Court retains jurisdiction to enforce its orders; and (5) award Plaintiffs all attorney fees and costs expended in relation to bringing the instant action. *Id.* ¶ 2.

On October 28, 2014, Defendant filed its Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction, alleging in part that some of Plaintiffs' claims were moot because the PSOB Office issued initial determinations after Plaintiffs' Complaint was filed. Def.'s Memo. at 1, 4-5. Defendant attached to its motion the PSOB Office determinations dated October 14, 2014, indicating that the disability claims for each of the three Plaintiffs were denied on the basis that Plaintiffs were not public safety officers under the PSOBA and implementing regulations. Def.'s Mot., Ex. 1 (PSOB Office Determination for Marvin Bethea); *Id.* at Ex. 2 (PSOB Office Determination for Bonnie Jean Giebfried); *Id.* at Ex. 3 (PSOB Office Determination for Michael L. Roberts).

Defendant further asserts in its motion that Plaintiffs' other claims are premature because Plaintiffs still have the right to request that a Hearing Officer make a *de novo* review of their claims and to appeal such a determination to the BJA Director. Def.'s Memo. at 5. Finally, Defendant argues that this Court lacks jurisdiction over Plaintiffs' claims once they are ripe because 42 U.S.C. § 3796c-2 assigns exclusive jurisdiction over appeals of the final agency determination related to PSOBA claims to the United States Court of Appeals for the Federal Circuit. *Id.*

In response, Plaintiffs filed their Motion to Stay Proceedings and Transfer the Complaint to the United States Court of Appeals for the Federal Circuit, indicating that after a review of Defendant's Motion to Dismiss, Plaintiffs agreed that the U.S. Court of Appeals for the Federal Circuit has exclusive jurisdiction over the claims in their Complaint. Pl.'s Memo. at 5-6.

Plaintiffs in their Motion also request that the Court stay the proceedings. *Id.* at 10.  Defendant did not file a responsive pleading to Plaintiffs' Motion.  However, Plaintiffs in their Motion indicated that they had conferred with Defendant and "the Agency communicated that it has not taken a position on this matter." *Id.* at 2.  The Court shall treat Plaintiffs' Motion as unopposed because Defendant has not filed a response.  LCvR 7(b).  The Court now turns to the merits of Plaintiffs' request to transfer and stay these proceedings.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1631, courts have authority to transfer a civil action filed in the wrong jurisdiction, "if it is in the interest of justice" to do so. When a case is transferred pursuant to 28 U.S.C. § 1631, it "proceed[s] as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred." *Id.* "There are three elements to a section 1631 transfer: (1) there must be a lack of jurisdiction in the district court; (2) the transfer must be in the interest of justice; and (3) the transfer can be made only to a court in which the action could have been brought at the time it was filed or noticed." *Fasolyak v. The Cradle Soc'y, Inc.*, No. 06-1126, 2007 WL 2071644, at *11 (D.D.C. July 19, 2007) (quoting *Ukiah Adventist Hosp. v. FTC*, 981 F.2d 543, 549 (D.C. Cir. 1992)).  As the party requesting transfer, Plaintiffs bear the burden of establishing that the elements of a § 1631 transfer have been met. *See Osage Tribe of Indians of Okla. v. U.S.*, No. 04-283, 2005 WL 578171, at *2 (D.D.C. Mar. 9, 2005) (rejecting defendants' transfer request under § 1631 because defendants failed to make the necessary threshold showing that the court lacked subject matter jurisdiction). Pursuant to 28 U.S.C. § 1631, "federal courts [have the] authority to make a single decision upon concluding that it lacks jurisdiction—whether to dismiss the case . . . or, in the interest of justice, to transfer it . . . ." *Maxwell v. Lappin*, No. 10-1613, 2011 WL 1897175, at *2 n.1 (D.D.C. May 18, 2011) (internal quotation marks omitted).

### III. DISCUSSION

Defendant in its Motion to Dismiss asserts that this Court does not have jurisdiction over any of the claims in the Complaint because certain claims (issuance of the PSOB Office initial determinations) are moot, other claims (further processing of Plaintiffs' claims) are not yet ripe, and in the event that such claims do become ripe, the Federal Circuit has exclusive jurisdiction over Plaintiffs' claims. Def.'s Memo. at 1-2. Plaintiffs argue that while the PSOB Office's initial determination letters have been issued at this juncture, the Complaint still requests four remaining remedies. Namely, that the Court: (1) issue a finding that Defendant violated the federal statutes by failing to timely process Plaintiffs' Fast Track applications; (2) compel Defendant to timely process their applications on a defined schedule until the claim process is exhausted; (3) declare that the Court retains jurisdiction to enforce its orders; and (4) award Plaintiffs all attorney fees and costs expended in relation to bringing the instant action. *See* Pls.' Memo. at 2, 6-7. Plaintiffs request that the Court transfer this matter to the U.S. Court of Appeals for the Federal Circuit to address its remaining claims in the Complaint. The Court shall turn to the merits of Plaintiffs' request to transfer this action.

### A.      Jurisdiction in the U.S. Court of Appeals for the Federal Circuit

The first requirement of a § 1631 transfer—that the district court in which the action was originally filed lack jurisdiction—and the second requirement—that the transfer be made to a court in which the action could have been brought at the time it was filed or noticed—are both met in this case. The parties agree that pursuant to 42 U.S.C. § 3796c-2, the U.S. Court of Appeals for the Federal Circuit has *exclusive* jurisdiction over appeals of any final determinations of the BJA related to PSOBA disability claims. Pls.' Memo. at 2 ("[The] U.S. Court of Appeals for the Federal Circuit ('Federal Circuit') has exclusive jurisdiction to consider the claims in the *Complaint*."); *see also* Def.'s Memo. at 5 (indicating that the U.S. Court of

Appeals for the Federal Circuit has exclusive jurisdiction over appeals arising from the BJA's final determinations of PSOBA claims).  Accordingly, the Court concludes that it does not have jurisdiction to consider Plaintiffs' claims and the U.S. Court of Appeals for the Federal Circuit had jurisdiction at the time the Complaint was filed.  *See Watts v. SEC*, 482 F.3d 501, 505 (D.C. Cir. 2007) ("Initial review occurs at the appellate level only when a direct-review statute specifically gives the court of appeals subject-matter jurisdiction to directly review agency action.")

### B.      Transfer is in the Interest of Justice

Next, the Court must consider whether transferring this case to the U.S. Court of Appeals for the Federal Circuit is in the interest of justice. The legislative history of § 1631 indicates that "Congress contemplated that the provision would aid litigants who were confused about the proper forum for review." *Am. Beef Packers, Inc. v. I.C.C.*, 711 F.2d 388, 390 (D.C. Cir. 1983) (per curiam) (citing S. Rep. No. 275, 97th Cong., 2d Sess. 11 (1981), *reprinted in* 1982 U.S.C.C.A.N. 11, 21).  "In determining whether a transfer is in the interest of justice, the equities of dismissing a claim when it could be transferred should be carefully weighed." *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996) (citing *Franchi v. Manbeck*, 947 F.2d 631, 634 (2d Cir. 1991)). Courts have found that transfer is "in the interest of justice" when, for example, the original action was misfiled by a *pro se* plaintiff or by a plaintiff who, in good faith, misinterpreted a complex or novel jurisdictional provision. *See, e.g., Professional Managers' Ass'n v. United States*, 761 F.2d 740, 745 n.5 (D.D.C. 1985) (holding that transfer was in the interest of justice "because of the complexity of the federal court system and of special jurisdictional provisions"); *Besser v. Sec. of HHS*, No. 86-1477, 1987 WL 155962, at *1 (D.C. Cir. 1987) (holding transfer was in the interest of justice because a *pro se* litigant was confused as to where to file his action). Courts have also looked to whether it would be time consuming

and costly to require a plaintiff to refile his or her action in the proper court or whether dismissal would work a significant hardship on plaintiff who would likely now be time barred from bringing his or her action in the proper court. *See Prof'l Manager' Ass'n*, 761 F.2d at 745 n.5; *Maxwell*, 2011 WL 1897175, at *2 (holding transfer was in the interest of justice because it would be too costly and time-consuming to make prisoner refile his habeas petition); *Bailey v. Fulwood*, 780 F. Supp. 2d. 20, 27 (D.D.C. 2011) (same).

Weighing these factors, the Court finds that transfer is in the interest of justice in the present case, particularly in light of the fact that the request is unopposed by Defendant. While Plaintiffs are represented by counsel, it appears that they made a good faith effort to determine the appropriate venue for this matter and failed to properly consider the jurisdictional provision of 42 U.S.C. § 3796c-2. *See* Pls.' Memo. at 8. When they realized their error through their review of Defendant's Motion to Dismiss, Plaintiffs promptly filed their motion requesting a transfer. Furthermore, the Court has determined that a dismissal of the action will cause Plaintiffs to incur the additional expense of refiling the instant action. Accordingly, the Court finds that the interests of justice support the Court transferring this case to the U.S. Court of Appeals for the Federal Circuit.

### C.   Request to Stay the Proceeding

The Court notes that Plaintiffs in their motion request that the Court stay this proceeding in addition to transferring it. Plaintiffs provide no grounds for staying the proceedings nor have they offered any timeline for the proposed stay. Accordingly, the Court shall deny this request as Plaintiffs have not provided any support for or details related to this request.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' [10] Motion to Stay Proceedings and Transfer the Complaint to the U.S. Court of

Appeals for the Federal Circuit.  The Court shall transfer this matter, including Defendant's [9] Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction, to the U.S. Court of Appeals for the Federal Circuit pursuant to 28 U.S.C. § 1631.  The Court shall not grant Plaintiffs' request to stay the proceedings as Plaintiffs have not advanced any support for this request.

　　　　An appropriate Order accompanies this Memorandum Opinion.


　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　　　　　United States District Judge